IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSE ADRIAN JAUREGUI-BARRAJAS,<br><br>    Defendant. | NO. CR 09-00467-TUC-JMR(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS** |

On February 26, 2009, Defendant Jose Adrian Jauregui-Barrajas was arrested for possession of marijuana. The Defendant was indicted on March 25, 2009 [Doc. 7]. On June 5, 2009, Defendant filed a Motion to Suppress Evidence and Statements Based on Illegal Search and Seizure [Doc. 17]. The Government filed its Response [Doc. 19] on June 19, 2009, and the Defendant filed a Reply [Doc. 22] on July 20, 2009. At the request of the Court, simultaneous Memoranda were filed on November 17, 2009, by the Government [Doc. 57] and the Defendant [Doc. 58].

The matter came on for Evidentiary Hearing before the Court on July 22, October 1, and October 27, 2009. The Government called as witnesses Immigration and Customs Enforcement (ICE) Agents Barry Bahrychuk, Brough McDonald, Larry Forcum, Eric Balliet, Matthew Louwry, and Ray Rede. The defense called as a witness Defendant Jose Adrian Jaurequi-Barrajas.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order **DENYING** Defendant's Motion to Suppress [Doc. 17].

## FACTS

The parties' post-hearing Memoranda set forth their positions regarding all aspects of the case at issue. The Court finds the following:

On February 26, 2009, ICE Agents were at a Walmart parking lot to surveil a controlled delivery of marijuana. (The lead agent, Barry Bahrychuk, set forth in his report that, while at the parking lot, the agents observed suspicious activity, which he decided should be investigated further.)

The agents observed the recovery by Defendant of the contraband and followed him to his residence. The agents further observed vehicles coming and going and eventually decided to do a knock and talk. A search warrant was considered, but not pursued.

The various agents that were involved in some manner took various positions around the residence. As the Defendant was backing his vehicle out, he encountered Agent Bahrychuk, who obtained a consent to search. Agent Bahrychuk communicated this consent to other agents, who did not hear the exchange between Bahrychuk and the Defendant. The Defendant disputes having given his consent. At a later time, the Defendant was advised of his rights pursuant to Miranda. The Defendant waived those rights and responded to the agents' questions. The Defendant also signed a deficiently-prepared consent to search.

## DISCUSSION

The ICE agents clearly had probable cause to arrest the Defendant. Rather than obtain a search warrant, they sought to do a knock and talk with the purpose of obtaining a consent to search.

The Court has had difficulty in deciding this case for the following reasons: 1) Agent Bahrychuk's deceptive and deficient case report; and 2) A lack of reports from any other agents because "it was a routine knock and talk", which seems to excuse good law enforcement work.

At the heart of the issue is whether to believe Agent Bahrychuk or the Defendant. This time, the Court finds in favor of Agent Bahrychuk because: 1) He could have, and would have, obtained a warrant; and 2) The Court and our legal community have to accept our adversarial system and the honesty of those who have sworn to tell the truth and defend the Constitution.

## **CONCLUSION**

It is the recommendation of this Court that the District Judge, after his independent review and consideration, enter an Order **DENYING** Defendant's Motion to Suppress [Doc. 17].

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 09-00467-TUC-JMR.

DATED this 13th day of January, 2010.

_____
Bernardo P. Velasco
United States Magistrate Judge